IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MELANIE RUSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-CV-05057-DGK |
| | ) | |
| OFFICE DEPOT, INC., WAGNER | ) | |
| PROPERTIES #2, LLC, and | ) | |
| MRV, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER EXCLUDING IN PART EXPERT TESTIMONY

Plaintiff Melanie Ruston sued Defendants Office Depot, Inc., Wagner Properties #2, LLC, and MRV, Inc. for negligence arising out of injuries sustained during a trip and fall accident at the Office Depot store located in Joplin, Missouri on February 15, 2010. Plaintiff maintains that Office Depot had actual knowledge that the curb was abnormally high, causing potential danger to its customers, and, therefore, is responsible on a theory of premises liability. Plaintiff alleges that she sustained injuries to her elbow, tore her meniscus, and has since developed fibromyalgia from the trauma to her body.

Currently before the Court is Defendants' Motion to Exclude the Expert Testimony of Dr. Gary Nelson, Ph.D. (Doc. 36). For the reasons discussed below Defendants' motion is GRANTED IN PART, and DENIED IN PART.

1

**Standard**

The party seeking the admission of expert testimony has the burden of establishing its admissibility by a preponderance of evidence. *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). Under Federal Rule of Evidence 702, if specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. F.R.E. 702. To be admissible, expert testimony must be both relevant to a material issue and reliable. *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 597 (1993); *Margolies v. McCleary*, Inc., 447 F.3d 1115, 1120 (8th Cir. 2006). For an opinion to be reliable, it must be: (1) founded upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) based on the application of principles and methods that were reliably applied to the facts of the case. *Id*. For an opinion to be relevant, it must assist the trier of fact in understanding the evidence or determining a fact in issue. *Daubert*, 509 U.S. at 591. "Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Larabee v. M M & L Int'l Corp.*, 896 F.2d 1112, 1116 n.6 (8th Cir. 1990) (quoting J. Weinstein & M. Berger, Weinstein's Evidence, 702-30 (1988)).

**Discussion**

Dr. Gary Nelson is a registered Professional Engineer, Certified Safety Professional, and a Certified Variable Incidence Tribometrist. He holds a Master's Degree in Industrial Safety Engineering from Texas A&M University and a Ph.D. in Interdisciplinary Engineering with a focus on Workplace, Premises, Product Safety, Human Factors, and Industrial Engineering. Defendants do not dispute Dr. Nelson's qualifications. Rather, they argue that Dr. Nelson's proposed testimony

2

fails to satisfy the standards of Rule 702 as elaborated by *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993).

## A. Dr. Nelson's proposed testimony regarding Plaintiff's line of sight does not reliably apply the principles and methods to the facts of the case.

Defendants first argue that Dr. Nelson's proposed testimony fails to meet the basic *Daubert* and Federal Rules of Evidence requirements because Dr. Nelson did not reliably apply the principles and methods to the facts of the case. In his expert report, Dr. Nelson states that while walking, individuals do not typically look at their feet; rather their normal line of vision is ten degrees downward from horizontal. This results in individuals viewing objects at their feet in their peripheral line of vision rather than their direct line of vision, which is a relative poor means of perceiving detail. Dr. Nelson uses this information to opine that because the subject step was not in Plaintiff's direct line of sight, she could not observe the step in detail and had difficulty determining its actual height.

Defendants argue that for Dr. Nelson to reliably apply this opinion to the facts of the case, Plaintiff must have been looking forward, not downward at the step at the time of her fall. Defendants produce deposition testimony showing that Dr. Nelson does in fact base his conclusions on the fact that Plaintiff did not see the step, other than in her peripheral vision, prior to her fall. They also produce evidence from Plaintiff's deposition stating that she was looking at the curb prior to her fall. Accordingly, Defendants maintain that Dr. Nelson's report, opinions, and testimony are based on the erroneous assumption that Plaintiff did not see the step in her direct line of vision, and are therefore unreliable.

The Court finds this argument persuasive. The crux of Defendants' argument is that Plaintiff

was looking at the subject step when she fell, and thus Dr. Nelson's application of his "line of sight theory" is inapplicable to the case. Plaintiffs, on the other hand, produce evidence suggesting that there is confusion regarding where Plaintiff was looking at the time of her fall. They argue that a review of Plaintiff's entire deposition reveals confusion between the terms "curb," "step," and "walkway," resulting in an inability to discern where Plaintiff was looking at the time of the fall. Plaintiffs are correct in this regard. Regardless of how these terms were used, however, the evidence suggests that Plaintiff was looking down at the time of the fall, either at the curb, the walkway, or the step, and not straight ahead as Dr. Nelson's conclusions state. Allowing Dr. Nelson to testify to his opinion that Plaintiff did not see the step prior to her fall because it was not in her line of sight is contrary to the evidence of the case and would confuse or mislead the jury. Accordingly, the Court finds that Dr. Nelson's proposed testimony regarding Plaintiff's line of sight while walking is not reliably applied to the facts of the case, and this portion of his testimony is inadmissible.

**B. Dr. Nelson's proposed testimony is reliable and relevant.**

Next, Defendants argue that Dr. Nelson's testimony should be excluded because the reasoning underlying Dr. Nelson's opinions regarding what Office Depot knew or should have known was not scientifically valid and therefore his proposed testimony is not reliable or relevant. The opinions contained in Dr. Nelson's report consist of two parts: 1) foundational opinions regarding what Office Depot knew or should have known, and 2) conclusions based on this information. Defendants argue that Dr. Nelson's foundational concepts are not relevant because they are simply "statements of fact which are certainly not derived from any scientifically valid methodology or reasoning" and are within the jury's competency (Doc. 36). Furthermore, they argue that because the foundational knowledge is not scientific and is within the jury's competency,

4

Dr. Nelson's conclusions derived from this knowledge do not meet the requirements of Federal Rule of Evidence 702 and should be excluded.

The Court finds this argument only partially accurate. Plaintiff has provided no evidence supporting Dr. Nelson's foundational opinions regarding what Office Depot knew or should have known. In addition, the conclusions that Office Depot should have been aware of the dangerous condition are within the province of the jury and are not appropriate for expert testimony. However, Dr. Nelson's conclusion that the "primary unsafe condition and/or causative factor related to the incident was the presence of a relatively unexpected excessively high sidewalk curb" is a determination within the province an expert. Thus, Dr. Nelson's conclusory opinions regarding the height of the step and its causal connection to the fall are admissible.

## Conclusion

Accordingly, the Court finds that Dr. Nelson's testimony regarding whether the step was in Plaintiff's line of sight is inadmissible as his methods and principles are not reliably applied to the facts of the case. However, Dr. Nelson's testimony regarding the safety of the subject step are admissible. Thus, it is hereby ORDERED that Defendants' Motion to Exclude the Proposed Expert Testimony of Dr. Gary S. Nelson is GRANTED IN PART and DENIED IN PART.

**IT IS SO ORDERED.**

Date: October 17, 2011        /s/ Greg Kays
                              GREG KAYS, JUDGE
                              UNITED STATES DISTRICT COURT